

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Luther C. Johnson
County Attorney, Anderson County
Palestine, Texas

Dear Sir:

Opinion No. O-2542
Re: Taxation of Mineral
Interest

    This will acknowledge receipt of your request for an opinion on the following question:

    "Under the terms of an oil and gas lease contract on a tract of land on which the lessee has a producing wet gas and distillate well, the lessee gets 7/8th of all of the oil or distillate produced. The lessee in turn contracted with a recycling plant owner to give him one-half of all of the oil or distillate recovered from the well by processing the wet gas. Does the recycling plant owner own such an interest, if any, in the oil lease or minerals in place as to be subject to taxation, or should the lessee be taxed on his full 7/8th interest and the land owner on his 1/8th interest?"

    After receiving the request we requested that you furnish us with the instrument inquired about, to which you replied: "There is no instrument of record and I do not know whether or not there is one or whether it is merely a parole contract between the owner of the lease and the owner of the recycling plant, whereby the owner of the plant is processing the wet gas."

    The only basis under which the recycling plant owner could be assessed for real estate ad valorem taxes would be for him to own an interest in the real estate or minerals.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Luther C. Johnson, page 2

Article 1288, Vernon's Annotated Statutes, commonly known as the Statute of Frauds, provides that a conveyance of an interest in land must be in writing. Article 6627, Vernon's Annotated Statutes, provides for the recording of all deeds and conveyances of interests in land. Since there is no conveyance recorded in the County Clerk's office conveying an interest in the minerals in question to the recycling plant owner and since it is not known that there is a written instrument wherein the lessee conveyed an interest in the minerals to the recycling plant owner, it is our opinion that the lessee, the record owner of the full seven-eighths working interest, should be assessed for the full value of this seven-eighths working interest. The tax assessor is not required insofar as real estate is concerned to inquire into oral and secret agreements but is justified in assessing the property against the record owner.

We wish to call your attention to the case of State vs. Quintana Petroleum Company, et al., 133 S. W. (2d) 112, by the Supreme Court of Texas, which does not deal directly with your question but is helpful in determining how mineral interests should be assessed particularly where an oil payment is outstanding.

Trusting that we have answered your question fully, we are

APPROVED AUG 2, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

D. D. Mahon
Assistant

DDM:EP

